UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ALLIED INDUSTRIAL GROUP, INC., | ) |
| Plaintiff/Counterclaim Defendant | ) |
| v. | ) Case No. 3:18-cv-166-PPS-MGG |
| AM GENERAL, LLC, | ) |
| Defendant/Counterclaim Plaintiff | ) |
| v. | ) |
| JAMES D. ALLEN and ALLIED INDUSTRIAL CONTRACTING, INC., | ) |
| Third-Party Defendants. | ) |

**OPINION AND ORDER**

This is a commercial dispute between business entities who have accused one another of breaching a contract between them. The case is made complicated by the confusingly similar names amongst the various litigants so I'll start by identifying the players before turning to the motion to dismiss the third party complaint that is presently before me.

This action was instituted by a company known as Allied Industrial Group against AM General. The gist of the original complaint is that the Allied Group provided work to AM General to modify its plant in Mishawaka, Indiana so that a greater number of Mercedes Benz R-Class cars could be manufactured at that location. Allied Group says AM General stiffed them to the tune of more than $3 million on the

work that it did. AM General says Allied Group's work was shoddy and so it filed a counterclaim against Allied Group. At the same time, AM General also filed a third party complaint against James Allen and also against an entity known as Allied Industrial Contracting, Inc. To differentiate between Allied Industrial Group, on the one hand, and Allied Industrial Contracting, on the other, I will refer to the former company as Allied Group and the latter as Allied Contracting.

Before me is third party defendants James Allen's and Allied Contracting's motion to dismiss AM General's third party complaint against them. [DE 22.] The gist of Allen and Allied Contracting's argument is that they were not parties to the contract at issue between Am General and Allied Group. Thus, they argue there is no basis for a breach of contract claim against them. But because the third party complaint states a plausible basis by which Allen and Allied Contracting could be liable for breach of contract if the allegations are proven true, I cannot dismiss the third party complaint at this time.

## Background

Allied Group first sued AM General in Indiana state court. [DE 3.] Shortly thereafter, AM General properly removed the case to this court on the basis of diversity jurisdiction. [DE 1.] After Allied Group amended its complaint, AM General answered and filed a counterclaim against Allied Group, and likewise filed a third party complaint against two other parties affiliated with Allied Group—James Allen and Allied Contracting. [DE 19.]

2

The facts come from both AM General's third party complaint [DE 19] and Allied Group's amended complaint [DE 18]. On January 19, 2015, AM General and Allied Group entered into a contract by which Allied Group was to engineer, design, install and/or modify equipment at AM General's assembly plant. [DE 19 at ¶ 9.] As noted above, the purpose of the plant reconfiguration was to allow AM General to assemble Mercedes Benz R-Class vehicles at the plant. [*Id.*] The contract at issue contained design specifications that Allied General allegedly did not meet. [*Id.* at ¶ 19.] Allied Group's original complaint for breach of contract tells a different story. Allied Group alleges that during the course of performing under the contract, AM General ordered additional work beyond what was contemplated in the original contract and that AM General owes Allied Group approximately $3.3 million for the additional work. [DE 18 ¶ 10-14.] Allied Group further seeks the return of more than $1 million in tools and materials which were used but then left at AM General's plant. [*Id.* at ¶ 19-20.]

For purposes of this motion, the substance of the dispute and who may owe who money, however, is unimportant. At issue here is which entities or persons can AM General sue. According to the allegations of AM General's counterclaim and third party complaint, Allied Group was at all relevant times effectively a fictitious entity. [DE 19 at ¶¶ 3-4, 10.] That is because in July 2010, Allied Group filed "Articles of Amendment" with the Indiana Secretary of State formally changing its name to Allied Industrial Contracting, Inc. [DE ¶ 2.] This singular entity was then "administratively dissolved" by the Secretary of State in 2013 and then later reinstated as a corporation on October

3

25, 2017. [*Id.*] Thus, AM General essentially alleges that it is caught in a corporate shell game because when it entered into the contract with Allied Group in January 2015, no such entity existed. Instead, it argues, Allied Contracting and Allied Contracting's principal James Allen were the real parties to the contract because Allied Contracting was the party which actually performed the contract and Allen was the principal who signed the contract. [*Id.* at ¶ 10.]

Allied Contracting and Allen contest this notion and accordingly have filed this motion to dismiss the third party complaint brought against them. [DE 22.]

**Discussion**

Because the issue presently before me is a motion to dismiss, the familiar standards of Federal Rule of Civil Procedure 12(b)(6) are at play. To survive the motion to dismiss, AM General's third party complaint must state "allegations plausibly suggesting (not merely consistent with)" an "entitle[ment] to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (citation omitted). A motion to dismiss will "not be granted unless there are no set of facts consistent with the complaint's allegations that could establish [liability]." *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 498 (7th Cir. 2005) (citation omitted)

The facts, as alleged in AM General's third party complaint, show that at the time the contract was signed, Allied Group did not exist as a corporate entity. That is because in 2010 (prior to the events at issue in this lawsuit) it changed its name to Allied Contracting. [DE 19 ¶ 2.] AM General alleges that Allen was the individual who entered

into the contract in question "purportedly on behalf of a non-existent entity." [*Id.* at ¶ 3.] In the alternative, AM General alleges that Allied Contracting operated as Allied Group during the relevant time period and thus if Allen cannot be held personally liable, his company which was in existence at the time should be. [*Id.* at ¶ 10.]

Allied Contracting and Allen, however, tell me that AM General cannot state a claim because of the retroactive effect of the October 2017 reinstatement by the Indiana Secretary of State means that Allied Group is the only proper party. [DE 22 at 3.] That is because under Indiana law, restatement of a corporation "relates back to and takes effect as of the effective date of the administrative dissolution" and the corporation "resumes carrying on its activities as if the administrative dissolution had never occurred." Ind. Code 23-0.5-6-3(d). But this argument makes little sense to me, as the Certificate of Reinstatement clearly applied to **Allied Contracting**, not Allied Group, even if that is the name that entity went by from 2010 to 2013. [DE 22-1.]

At bottom, it does not appear that Allied Group existed after its name change in July 2010, and I must take the allegations of AM General's third party complaint as true. Thus, the reinstatement by the Indiana Secretary of State of Allied Contracting's status as a lawful corporation in October 2017 appears irrelevant for purposes of the present motion. If anything, it seems to confirm that Allied Contracting is the proper party to be sued, as it is the only one of the two Allied corporations which continues to exist.

In all events, this strikes me as much ado about nothing. In the end, only one "Allied" entity will be held liable if AM General wins this lawsuit. It's not as if AM

General could prevail and then collect twice, once against Allied Group and a second time against Allied Contracting. Based on the pleadings before me, it seems that Allied Group and Allied Contracting are two names for the same entity. But there are a lot of unanswered questions. For this reason, it would be entirely premature to limit AM General at the pleading stage to an action against only one of the "Allied" parties. In short, discovery is needed to flesh this issue out.

As to the claim against Allen, AM General has not explicitly pleaded veil piercing against him as a theory of liability or equitable relief, but neither has Allen sought to dismiss the lawsuit as to him for failing to sufficiently plead veil piercing. Regardless, if that is the theory by which AM General is seeking to hold Allen liable, it is unlikely I would be able to resolve the issue at this stage of the litigation, because "[w]hen a court exercises its equitable power to pierce a corporate veil, it engages in a highly fact-sensitive inquiry." *Oliver v. Pinnacle Homes, Inc.*, 769 N.E.2d 1188, 1191 (Ind. Ct. App. 2002) (citation omitted).

At a minimum, AM General has alleged enough to plead alter ego or veil piercing liability against Allied Contracting/Allied Group. *Konrad Motor & Welder Serv., Inc. v. Magnetech Indus. Servs., Inc.*, 973 N.E.2d 1158, 1165 (Ind. Ct. App. 2012) ("The corporate alter ego doctrine is a device by which a plaintiff tries to show that two corporations are so closely connected that the plaintiff should be able to sue one for the actions of the other.") (citation omitted); *Ziese & Sons Excavating, Inc. v. Boyer Const. Corp.*, 965 N.E.2d 713, 721 (Ind. Ct. App. 2012) (holding that alter ego theory of liability

against an entity that did not exist at time of contract formation is viable under Indiana law); *Merriman v. Standard Grocery Co.*, 242 N.E.2d 128, 129 (Ind. Ct. App. 1968) (recognizing that ignoring the corporate form may be appropriate where separate but affiliated corporate entities operate as a single enterprise). That said, the case against Allen as an individual may be more difficult. *See Aronson v. Price*, 644 N.E.2d 864, 869 (Ind. 1994) ("The failure to file an assumed business name certificate is a breach of required corporate formalities. However, as noted above, it does not by itself result in the imposition of personal liability on shareholders for corporate acts."). But it is not so implausible that I will dismiss him as a third party defendant at this time.

**Conclusion**

For the foregoing reasons, third party defendants James D. Allen's and Allied Industrial Contracting, Inc.'s motion to dismiss [DE 22] is DENIED.

SO ORDERED on October 9, 2018.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT